**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Case No. 25-33954 |
| David Roger Christenson, | |
| Debtor. | Chapter 13 |

---

# ORDER GRANTING PRELIMINARY INJUNCTION ON DEBTOR'S EMERGENCY MOTION FOR ENFORCEMENT OF THE AUTOMATIC STAY AGAINST AGI PROPERTIES OF ORONOCO LLC

On December 30, 2025, the Debtor filed an "Emergency motion to enforce automatic stay or, in the alternative, to determine applicability of 11 U.S.C. § 362(b)(22)." The motion arises from an eviction against the Debtor pending in Olmstead County District Court, Minnesota, as Court File No. 55-CV-25-5021. Specifically, the Debtor states that, "[o]n December 29, 2025, the state court issued an order determining that the automatic stay did not apply based on 11 U.S.C. § 362(b)(22) and ordered Debtor to vacate the premises by January 4, 2025, with issuance of a writ of recovery to follow."

This Court convened a preliminary telephonic hearing on December 30th and ordered the Debtor to provide notice of the motion to the adverse party in the eviction, AGI Properties of Oronoco LLC ("AGI"), and to file copies of the state court orders. The Debtor filed two orders entered by the state court: (1) A Findings of Fact, Conclusions of Law, Order for Judgment and Judgment dated December 2, 2025 (the "_12/02/2025 Order_"); and (2) and Order December 29, 2025 (the "_12/29/2025 Order_").

The Court continued the preliminary hearing to January 5, 2026. The Debtor appeared pro-se and AGI appeared through counsel. AGI requested the opportunity to respond in writing and the Court continued the matter until January 7th.

AGI then filed a response with additional state court documents. The hearing resumed on January 7th. The Court concluded the hearing by indicating that it would schedule a final evidentiary hearing on the Debtor's motion preferably to occur within 14 to 28 days and it would issue a written preliminary injunction.

## JURISDICTION AND PROCEDURAL MATTERS

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local Rules 1070-1 and 9029-2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G) and (O). This is a contested matter under Federal Rule of Bankruptcy Procedure 9014.

1

## **FACTUAL BACKGROUND**

The Court identifies the following facts on a preliminary basis:

1. The Debtor and his non-filing spouse reside at 2314 Telemark Lane NW, Rochester, MN 55901 (the "Premises"). *12/2/2025 Order*, ¶¶ 2-3. At the January 7th hearing, the Debtor indicated that he has resided at the Premises for approximately 15 years as a contract for deed purchaser.

2. In January 2025, AGI purchased the Premises from the prior contract for deed seller. *Declaration of Alan Ihde dated 10/7/2025 ("Ihde Dec.")*, ¶ 2. AGI and the Debtor dispute the nature of their legal relationship that ensued.

3. AGI's owner, Alan Ihde, states that the Debtor "did not have a lease for the Premises when Plaintiff purchased the premises." *Id.* ¶ 4. Ihde further states that absent any agreement, the Debtor's occupancy would continue as a tenant at will. *Id.* ¶ 6.

4. Debtor asserts that the parties executed a new contract for deed for the Premises. Ihde's declaration attached a written agreement dated February 18, 2025, entitled a contract for deed, signed by both parties. *Ihde Dec.*, Ex. A. Ihde states in his declaration that the agreement was only an "LOI" which he viewed as a "gentlemen's agreement" and that "no contract for deed was ever formalized." *Id.* at ¶¶ 6-9.

5. On June 26, 2025, AGI filed an eviction complaint based on the Debtor's failure to pay rent and service fees for the Premises from March 2025 through June 2025 for a total amount due of $14,000.00. *12/2/2025 Order* ¶ 4.

6. The eviction complaint, signed only by counsel, states that AGI "or its predecessor in interest, leased or rented" to Debtor the Premises "by oral agreement…that was orally reaffirmed between the parties hereto on or about February 18, 2025." *Declaration of Benjamin J. Truax dated 1/6/2026 (the "Truax Dec.")*, Ex. C.[1] It does not appear that AGI attached the executed contract for deed to the complaint.

7. On July 14, 2025, the parties reached a stipulated agreement on the eviction, whereby the Debtor would make a payment of the arrears and additional rent coming due by August 1, 2025, in the total amount of $21,500.00. If the Debtor failed to make this payment, AGI could file an affidavit to procure a writ of recovery for possession of the Premises. *Id.* ¶¶ 6-7.

8. On July 25, 2025, the state court entered an order adopting the agreement, including the stipulation that AGI "leased" the Premises to the Debtor. *Id.* ¶ 7; *see also Truax Dec.* at Ex. D.

---

[1] The Court notes that the Ihde Declaration makes no reference to an oral lease, suggesting instead that the alternative to the contract for deed was a continuation of a tenancy at will because the Debtor did not have any lease with the prior vendor either. *Ihde Dec.* ¶¶ 4-6.

9. The Debtor did not make the cure payment, and the Plaintiff filed an affidavit requesting a writ of recovery on August 5, 2025. *12/2/2025 Order*, ¶ 8.

10. On August 11, 2025, the state court entered an Order for Judgment (the "Judgment") awarding AGI recovery of the Premises. *Truax Dec.* at 2. The Judgment found that the parties had settled the matter; that the Debtor had not performed under the settlement; and that AGI had properly filed an affidavit to remedy the default of the settlement through issuance of a writ of recovery. *Id*. The Judgment does not make any express reference to whether the legal relationship between the parties is a lease, a contract for deed, or neither.

11. On September 18, 2025, the Debtor filed a motion seeking to vacate the Judgment and writ of recovery under MINN. R. CIV. P. 60.02 by arguing that his possession of the Premises arose from the contract for deed dated February 18, 2025, not from a lease, which required AGI to provide a 60-day written notice of cancellation, not a 14-day notice for a written lease. *Id.* ¶ 13. AGI opposed the motion and submitted the Ihde Declaration in response.

12. In the Order dated December 2, 2025,[2] the state court found that the written document dated February 18, 2025, is a contract for deed, identifying the "Premises, the sale price, the interest rate, the monthly payments, amortization to fit the payment and the balloon payment." *Id*. ¶¶ 22-26. The state court also rejected AGI's argument set forth in the Ihde Declaration that the contact for deed was merely a letter of intent. *Id*. ¶ 23.

13. Notwithstanding this finding, the state court denied Debtor's motion to vacate because the Debtor lacked a reasonable excuse for failing to raise the defense earlier, was not diligent in seeking relief after entry of the judgment, and AGI would be substantially prejudiced if forced to recommence the action. *Id.* ¶¶ 27-40. *See also Finden v. Klaas*, 128 N.W.2d 748, 750 (Minn. 1964) (providing the four-factor test for vacating a judgment under Rule 60).

14. On December 10, 2025, the Debtor filed bankruptcy.

15. On December 11, 2025, AGI filed a one-page letter with the state court requesting that it issue a writ of recovery notwithstanding the Debtor's bankruptcy because "the continuation of eviction and unlawful detainer actions where a judgment for possession has already been obtained, as is the case here, is exempt from the automatic stay. 11 U.S.C. § 362(b)(22)." *Truax Dec.* Ex. L.

16. AGI did not request adjudication of the Debtor's rights under the automatic stay through a formal motion filed under Minnesota's General Rules of Practice 115.

---

[2] The state court referee signed the order denying the motion to vacate on November 26, 2025, with the district court judge confirming the order on December 2, 2025, with judgment entered by the court administrator on December 3, 2025. *Id.; see also Truax Dec.* Ex. J.

3

17. On December 29, 2025,[3] the state court held a hearing and ruled in favor of AGI finding that "a stay of the eviction matter was not in place pending Defendants (sic) bankruptcy matter." *Id.* ¶ 27. The Court adopted AGI's argument that the "automatic stay does not apply here because this Court issued its judgment prior to Defendant filing for bankruptcy, and no further steps were taken by Defendant to enforce the stay." *Id.* ¶ 26. There is no reference in the December 29th Order to the Court addressing a dispute over whether the Debtor's interest in the Premises arose by a lease or a contract for deed.

18. At the January 7th hearing, AGI asserted that the state court's findings of fact regarding the contract for deed were erroneous and further indicated that the parties have not actually had an opportunity to litigate the contract for deed issue.

## **DISCUSSION**

The Debtor seeks a determination as to whether the automatic stay applies to the eviction proceeding or whether the exception to the stay under 11 U.S.C. § 362(b)(22) applies.

The filing of a bankruptcy petition broadly stays a variety of actions by a creditor against the debtor under 11 U.S.C. § 362(a), including "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. § 362(a)(3).

Section 362(b) lists numerous exceptions where the stay will not apply. As pertinent here, Section 362(b)(22) provides that the automatic stay under Section 362(a)(3) does not apply, unless the Debtor seeks relief under Section 362(l),[4] for the:

> continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

---

[3] The Court notes that under Local Rule 9006-1(a), AGI could have filed a motion for relief from stay with the bankruptcy court on December 11, 2025, which the Court could have heard as early as December 29, 2025. The motion for relief certainly could have included a request for a determination that the stay did not apply.

[4] Section 362(l) provides an opportunity to reimpose the stay under Section 362(a)(3) if Section 362(b)(22) applies. The Debtor here has not followed Section 362(l) to re-impose a stay. But the Debtor does not need to comply with Section 362(l) to maintain the stay if Section 362(b)(22) does not apply in the first instance, as in that circumstance the stay under Section 362(a)(3) simply remains intact.

The state court found that Section 362(b)(22) applies. The Debtor asserts that because his possession in the Premises arose from a contract for deed, Section 362(b)(22)'s requirement that his possession must arise under "a lease or rental agreement" is unmet. Because this Court must hear testimony to decide that issue, it cannot make a final determination on the merits and will need to conduct an evidentiary hearing under FED. R. BANKR. P. 9014(d). But the Court does find the written record provided by the parties sufficient to enter a preliminary injunction that will bar AGI from further pursuing the eviction prior to the final determination on this motion by this Court.

In reviewing this matter, the Court must first consider its jurisdiction given the existing rulings by the state court.

1. **This Court Has Jurisdiction to Determine Whether the Stay Applies to the Pending Eviction Action**.

Because the state court ruled that the exception under Section 362(b)(22) applies to this action, this Court must determine whether it has jurisdiction to consider the relief sought by the Debtor.

This question implicates the *Rooker-Feldman* doctrine, which provides that a "lower federal court cannot exercise subject-matter jurisdiction over an action that 'seek[s] review of, or relief from, state court judgments.'" *Caldwell v. DeWoskin*, 831 F.3d 1005, 1008 (8th Cir. 2016), *quoting Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016). The Eighth Circuit recognized that the *Rooker-Feldman* doctrine is a "'narrow doctrine'" *Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008), *quoting Lance v. Dennis*, 546 U.S. 459, 464 (2006). The doctrine "applies only to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id., quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005).

As a starting point, the bankruptcy court, upon referral from the district court under 28 U.S.C. § 157(a) of all bankruptcy matters, has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); Local Rule 1070-1.

The prevailing practice is that the bankruptcy court and non-bankruptcy courts have concurrent jurisdiction over determining if the stay applies, but that the bankruptcy court has the ultimate determination even after a state court rules because the injunction of the automatic stay arises from the bankruptcy case. *See e.g., In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 345-49 (2d Cir. 1985); *In re Gruntz*, 202 F.3d 1074, 1083 (9th Cir. 2000) (finding that even if state courts had concurrent jurisdiction to determine that the stay does not apply, *Rooker-Feldman* serves no bar on federal courts independently deciding the same issues and that only "the federal

courts have the final authority to determine the scope and applicability of the automatic stay");[5] *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001); *In re Angelo*, 480 B.R. 70, 83 (Bankr. D. Mass. 2012); *In re Cole*, 552 B.R. 903, 908-10 (Bankr. N.D. Ga. 2016); *In re Pitts*, 2009 WL 4807615, *4 (Bankr. E.D. N.Y. 2009) (stating that "the Second Circuit and other courts have recognized that the ultimate determination of whether the automatic stay applies to a non-bankruptcy action lies with the bankruptcy court, which originally issued the injunction").

The Eighth Circuit's viewpoint appears less defined on this issue but in *Caldwell v. DeWoskin* it held that a bankruptcy court may review whether a creditor's actions violate the automatic stay, even for actions that occurred in reliance on a state court's determination that the stay did not apply. 831 F.3d at 1008 (finding that a bankruptcy court erred in declining jurisdiction to determine a stay violation claim because a state court had previously held that the stay did not apply). As stated by the Eighth Circuit, "whether the doctrine applies depends on whether a federal plaintiff seeks relief from a state court judgment – in which case the doctrine would apply – or seeks relief from the allegedly illegal act or omission of an adverse party." *Id* at 1008.

This Court reads *Caldwell* as permitting the bankruptcy court to independently determine whether the stay applies or if the exception exists under Section 362(b)(22), notwithstanding a prior state court determination on the stay. Like the debtor in *Caldwell,* the Debtor here does not ask this Court to overturn the judgment for possession. He is requesting that this Court decide whether the scope of the stay in his bankruptcy presently precludes additional acts taken by AGI pursuant to that judgment, including AGI's attempt to continue pursuing the eviction immediately after the Debtor's bankruptcy filing.

Additionally, *Rooker-Feldman* does not apply where the federal litigant "'had not been given a reasonable opportunity to raise their federal claims in the state proceedings.'" *Riehm*, 538 F.3d at 964-65, *quoting Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004). The Court further finds this exception implicated by the record as to the state court's December 29th order, which AGI procured by letter and without following any motion practice under the Minnesota Rules of General Practice. *See* MINN. GEN. R. PRAC. § 115.03 (requiring at least 28 days' notice for a dispositive motion); *Id*. § 115.04 (requiring at least 21 days' notice for a non-dispositive motion).

The December 11th letter filed by AGI further did not describe all the necessary elements to establish an exception under § 362(b)(22), notably omitting any reference to the requirement that the debtor's interest in the property must arise from a lease or rental agreement.

---

[5] Some courts have interpreted *Gruntz* as holding that state courts lack jurisdiction to decide that the stay does not apply and that bankruptcy court's original jurisdiction on such issues is exclusive. *In re Mid-City Parking, Inc.,* 332 B.R. 798, 805 n.3 (Bankr. N.D. Ill. 2005), and authorities cited therein.

The Court therefore finds that it can review and determine whether the stay applies to the pending state court eviction, and that it is not precluded from exercising jurisdiction by the state court's December 29th order pursuant to the *Rooker-Feldman* doctrine.

## 2. **The Debtor Has Established the Necessary Elements for Preliminary Injunctive Relief.**

Section 105 of the Bankruptcy Code provides that, "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The Court's power under Section 105 includes the power "to enjoin [a party's] interference with the estate and its assets" by applying the *Dataphase* factors. *See In re Burwell*, 391 B.R. 831, 836 (B.A.P. 8th Cir. 2008), *aff'd*, 348 F. App'x 198 (8th Cir. 2009).

The *Dataphase* factors are: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). At the core of this inquiry "is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* at 113.

While the issuance of an injunction may be redundant if the automatic stay does presently apply, the Court will nonetheless enter a preliminary injunction to assure the protection of the Debtor until a final determination of his motion.

### A. Likelihood of Success on the Merits.

The likelihood of success on the merits "is the most important factor and requires the movant demonstrate at least a 'fair chance of prevailing'" *Wildhawk Investments, LLC v. Brava I.P., LLC*, 27 F.4th 584, 593 (8th Cir. 2022), *quoting Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1041 (8th Cir. 2016).

On the present record, Debtor has shown a likelihood of success on the merits that the exception under Section 362(b)(22) does not apply. Numerous bankruptcy courts have held that eviction actions not arising from a formal landlord-tenant lease relationship are outside the scope of a "lease or rental agreement" under Section 362(b)(22). *In re Escobedo*, 513 B.R. 605, 611-12 (2014) (finding that Section 362(b)(22) did not apply where the debtor's possession arose from a sale contract not a lease); *In re Dennen*, 539 B.R. 182, 185 (Bankr. D. Colo. 2015) (holding that Section 362(b)(22) "is specific to the type of landlord-tenant relationship that is formed under a 'lease or rental agreement.'"); *In re McCray*, 342 B.R. 668, 669 (Bankr. D.D.C. 2006); *In re Zackowski*, 2022 WL 2111054, at *2 (Bankr. D. Conn. 2022) (holding section 362(b)(22) inapplicable in post-foreclosure eviction under which lender did not have "a lease or rental agreement with a debtor occupying the property").

These courts' strict application of the plain language of Section 362(b)(22) aligns with the general principal that "exceptions listed under [Section] 362(b) are to be read narrowly." *Escobedo*,

7


513 B.R. at fn. 4, *citing In re Stringer,* 847 F.2d 549, 552 (9th Cir. 1988) (stating that exceptions under Section 362(b) "should be read narrowly to secure the broad grant of relief to the debtor"); *Reedsburg Util. Comm'n v. Grede Foundries, Inc. (In re Grede Foundries, Inc.),* 651 F.3d 786, 790 (7th Cir. 2011) (same).

The written agreement signed by the parties identified itself as a residential contract for deed and provided the terms for a sale of the Premises to the Debtor. This fact alone satisfies the Court that the Debtor has a likelihood to prevail on the merits.

This case aligns with *Escobedo*, which similarly involved a sale contract not a lease. 513 B.R. at 609-10. The creditor in that case proceeded in an almost identical fashion as here in attempting to argue that Section 362(b)(22) applied because it had obtained a judgment of possession prior to the bankruptcy filing, without recognizing the distinction between a sale contract and a lease. *Id*. at 611. The court held that the creditor's argument was "meritless," because the state court plainly found that the creditor:

> [i]ntended to sell the Property to the Debtor, and that the Debtor intended to purchase the Property over 30 years, putting $10,000 down. Debtor was responsible for property taxes and insurance, provisions standard with sales transactions but rare with consumer leases. The 30–year term also is completely inconsistent with a consumer lease.

*Id.* at 611-12.

As in *Escobedo*, the state court's December 2nd order found that the Debtor had a contract for deed with AGI plainly identifying the "Premises, the sale price, the interest rate, the monthly payments, amortization to fit the payment and the balloon payment." The state court adopted these as formal findings of fact and entered a judgment thereon.

In opposition, AGI asserts that since the judgment for possession was not vacated and premised on a lease, this Court must find a lease existed. In the Eighth Circuit, a party seeking to use collateral estoppel based on a state court ruling must prove each of the following elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*In re Porter,* 539 F.3d 889, 894 (8th Cir. 2008)*, quoting Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007).

Contrary to AGI's position, it appears that under a preclusion analysis this Court is more likely to be bound by the state court's finding that there is a contract for deed. The judgment for possession in August, 2025, arose from the Debtor's breach of a stipulated order, not through actual litigation. Further, that original judgment made no express finding that the parties had a lease. Any implied finding of a lease was not essential to the eviction judgment, as is clear from the order denying the motion to vacate, in which the court found that the eviction judgment remained proper whether premised on a lease or a contract for deed.

In contrast, the December 2nd order expressly found that the parties' agreement was a contract for deed, after both parties actually litigated the issue. That finding may likewise not have been essential to the motion to vacate, as the state court relied on other reasons to deny the motion to vacate, but that would only mean that this Court can decide the issue on a clean slate.

Thus, in reviewing the record, at least on a preliminary basis, this Court finds that the exception to the automatic stay under Section 362(b)(22) does not likely apply because AGI's claim to possession to the Premises does not appear to arise by "lease or rental agreement."

### B. Irreparable Harm to the Debtor.

The second *Dataphase* factor considers whether absent the preliminary injunction the Debtor will suffer irreparable harm. The movant establishes irreparable harm by showing that "harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Roudachevski v. All-Am. Care Ctrs., Inc.,* 648 F.3d 701, 706 (8th Cir. 2011). At the January 7th hearing, the Debtor indicated that he would have no alternative place to live upon his eviction. The Debtor further stated that he was taking steps to complete his chapter 13 process, including potentially retaining an attorney from a known pro bono services provider. He indicated that he is also expecting his financial condition to improve as his cancer treatments are concluding.

Here, the Court finds that an immediate eviction of the Debtor from his residence would physically and financially harm the Debtor and would undermine any conceivable relief in his chapter 13 case. It would likely cause an overwhelming distraction and obstacle to his efforts to complete his bankruptcy documents and any chapter 13 plan.

### C. Balancing of Harms.

The Court must also consider and balance the risks to AGI in granting injunctive relief. To this point, AGI offers a lengthy state court record reflecting the Debtor's engagement in some degree of dilatory tactics, including, at one point, attempting to remove the eviction action to federal court. It further appears undisputed that the Debtor has a significant delinquency to AGI on the Premises since entering the contract.

Nonetheless, any harm to AGI is simply a potential delay and it retains to right to request a modification or termination of any potential stay "for cause." 11 U.S.C. § 362(d)(1).

9

**D. The Public Interest.**

On the fourth factor, the public interest, the Court finds that the preliminary injunction serves the public interest by preserving for financial distressed debtors a reasonable opportunity to have the scope of the automatic stay, a right arising under federal law, reviewed and determined by the bankruptcy court. The Court finds that AGI's effort to seek an immediate state court ruling on the scope of the stay was a litigation tactic intended to interfere with this Court's original jurisdiction and frustrate the Debtor in his reorganization efforts. Timing is everything.

The Court finds that the one-page letter submitted to the state court presented the law under Section 362(b)(22) in an incomplete fashion, without referencing all the elements of the statute nor citing any cases decided under that provision. The record shows that this is not an ordinary landlord-tenant situation, particularly given that only one week before the Debtor's bankruptcy filing the state court expressly stated that the written agreement between the parties was a contract for deed.

This Court therefore finds that serving the public interest here requires a preliminary injunction to discourage inefficient and potentially unfair "races to the courthouse" in bankruptcy cases when there are obvious disputes as to the applicability of the stay.

**IT IS ORDERED:**

1. The Debtor's motion is granted on a preliminary basis.

2. AGI Properties of Oronoco LLC is preliminarily enjoined from taking any further actions on its eviction judgment, pending a final hearing. At the hearing the Court instructed the parties to contact the Courtroom Deputy with available dates. Absent the parties doing so by 4:30 p.m. on January 12, 2026, the Court will schedule the final hearing *sua sponte*.

Dated: *January 8, 2026*

s/ Mychal A. Bruggeman
Mychal A. Bruggeman
United States Bankruptcy Judge